J-S29004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TAIVON JANAYE LUSTER | |
| Appellant | No. 195 WDA 2015 |

Appeal from the Judgment of Sentence December 4, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012910-2013

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

DISSENTING STATEMENT BY FITZGERALD, J.:        **FILED JULY 19, 2016**

I agree with the majority that Appellant's claims of trial court error regarding its evidentiary rulings do not merit relief.  However, I respectfully disagree with the majority's conclusion that there was sufficient evidence to prove that Appellant attempted "by physical menace to put another in fear of **imminent** serious bodily injury[.]"  18 Pa.C.S. § 2701(a)(3) (emphasis added); **see** Majority Mem. at 18.

Reed testified on direct-examination, in relevant part, as follows:

Q. When [Appellant] threatened you, what did she say?

A. 'I got something for you.  I'm going to fix you.'

Q.  Did she have anything in her hand?

_____

[*] Former Justice specially assigned to the Superior Court.

A. A 2-by-4.

Q. Where were you when that threat was made?

A. On the porch, kind of going back into my house into the entryway.

Q. Did you say anything to her in response?

A. No. I was terrified. I was shocked. No, I was scared. My dog was down. I didn't say anything.

Q. Where was she when she initially threatened you?

A. She threatened me from the time she was coming from the walkway to standing in front of my truck, kind of in front of the hedges where she would be able to reach [the dog] in between the hedges and that is where she was at. She couldn't get to me, so she hit him instead.

N.T., 7/15/14, at 114-15.

She testified Appellant was "in the street toward the sidewalk" while she was "up there on the porch." *Id.* at 116. Reed's dog was in her front yard behind hedges that lined her yard. *Id.* Reed elaborated:

Q. When [Appellant] hit [the dog] with the 2-by-4, where was she?

A. She stood right in front of those hedges and he was right there. And she had to reach to hit him. She had to aim. She had to go toward my yard to get him.

Q. Did she hit him through that gap in the hedges?

A. Yes.

                    *    *    *

Q. When she struck [the dog], what did you see?

A. I saw [the dog] fall and her run into the house with the 2-by-4. And I called the police.

*Id.* at 117-18.

Viewing all the evidence in the light most favorable to the Commonwealth, I conclude the evidence did not establish Appellant's intent to place Reed in fear of imminent physical bodily harm. *See* 18 Pa.C.S. § 2701(a)(3); *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). I am unpersuaded by the majority's reasoning that "If Appellant was close enough to hit Reed's car with eggs and to bludgeon Reed's dog, she was close enough to put Reed in reasonable fear of imminent serious bodily injury, absent irrefutable evidence of impossibility." Majority Mem. at 18. Reed's testimony about Appellant's conduct undoubtedly reveals intent by Appellant to upset Reed. I recognize Appellant was "wielding a two-by-four," and contemporaneously threatened Reed and struck her dog. *See* N.T. at 118; Majority Mem. at 14. However, Appellant and Reed were separated by Reed's yard, Reed was on her porch, and Appellant was near or on the street. *See* N.T. at 117-18. Additionally, after striking the dog, Appellant immediately retreated into her home. *Id.* at 118. Accordingly, I find the circumstances, although disturbing and evidence of other crimes, did not reveal an intent to put Reed in fear of imminent serious bodily injury.

Thus, I respectfully dissent.